# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH WALPOLE, JR.,<br><br>Defendant. | Case No. 1:22-cr-00161 JLT BAM<br><br>ORDER DENYING REQUEST FOR TRANSCRIPT<br><br>(Doc. 33) |

On June 12, 2023, Joseph Walpole was sentenced by United States District Judge Ana de Alba to a 60-month term in imprisonment after he plead guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. (Docs. 21, 29.) Judge de Alba subsequently left the district court bench to join the Court of Appeals. On March 25, 2024, Defendant filed a one-page request for production of his sentencing transcript, which the Court construes as a request for production of the transcript at the Court's expense. (Doc. 33.) Due to what appears to have been an administrative oversight, the motion was not reassigned to any jurist until it was reassigned to the undersigned on March 20, 2025. (*See* Doc. 34.) Having now reviewed the motion, the Court concludes it must be **DENIED**.

The Court is empowered to order the production of a transcript at the Court's expense only under certain circumstances. For example, the Criminal Justice Act allows the Court to fund the production of a transcript in connection with a motion for post-conviction relief brought under

1

28 U.S.C. § 2255, but only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 29 U.S.C. § 753(f). Here, Defendant has not established that he has filed or could file any post-conviction motion that is not frivolous, nor has he established that the requested transcript is necessary for a decision to be rendered on any such collateral challenge. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *2 (E.D. Cal. June 18, 2007) ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States."). Among other things, Defendant waived his right to appeal or collaterally attack his conviction and sentence as part of his plea agreement, which generally precludes most forms of collateral attack. (*See* Doc. 21.)

Defendant may request that a transcript be produced at his own expense. The Court will direct the Clerk of Court to provide Defendant with a copy of the transcript ordering form. Accordingly, the Court **ORDERS**:

(1) Defendant's request for a Court order directing production of the transcript from the June 12, 2023, sentencing hearing (Doc. 33) is **DENIED**.

(2) The Clerk of Court is also directed to provide a copy of the Court's transcript ordering form to Defendant.

IT IS SO ORDERED.

Dated: **April 9, 2025**

UNITED STATES DISTRICT JUDGE